■ Roslyn Golob, Appellant-Respondent, v Scot Golob, Respondent-Appellant.—In an action for divorce and ancillary

relief, the plaintiff wife appeals, on the grounds of inadequacy, from an order of the Supreme Court, Nassau County (Becker, J.), entered January 28, 1985, which, *inter alia,* provided for pendente lite relief, and the defendant husband cross-appeals from so much of said order as failed to include a provision stating that his obligation to pay pendente lite maintenance would terminate upon the death of the plaintiff wife.

Appeal by the plaintiff wife dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this court *(see,* 22 NYCRR 670.20 [f]).

Order reversed insofar as cross-appealed from by the defendant husband, without costs or disbursements, and it is provided that the defendant's obligation to pay the plaintiff maintenance shall terminate in the event of her death.

Pursuant to Domestic Relations Law § 236 (B) (6) (a) (7), Special Term was obligated to consider the tax ramifications of its support award *(see also, Nolan v Nolan,* 107 AD2d 190; *Jerkovich v Jerkovich,* 100 AD2d 575; *Ryan v Ryan,* 92 AD2d 889). By refusing to incorporate in its order a provision to the effect that the defendant's obligation to pay interim spousal support would terminate upon the death of the plaintiff, said provision having recently been declared to be mandatory in order for maintenance payments to be deductible by the payor spouse *(see,* 26 USC § 71 [b] [1] [D]), Special Term effectively precluded the defendant from taking advantage of a tax deduction to which he was duly entitled. We find that Special Term's refusal to include such a provision in the order constituted an improvident exercise of discretion. Lawrence, J. P., Eiber, Kooper and Spatt, JJ., concur.