■ BARBARA WEINSTEIN, Appellant, v WARREN WEINSTEIN, Respondent.—In a matrimonial action wherein the parties were divorced by judgment entered December 11, 1985, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (Collins, J.), dated March 5, 1986, which denied her motion pursuant to Domestic Relations Law § 237 for an interim award of counsel fees, costs and disbursements incurred in connection with the appeal from the judgment (see, Weinstein v Weinstein, 125 AD2d 301 [No. 23] [decided herewith]).

■ BARBARA WEINSTEIN, Respondent-Appellant, v WARREN WEINSTEIN, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals and the plaintiff wife cross-appeals, as limited by their respective briefs, from stated portions of a judgment of the Supreme Court, Nassau County (Harwood, J.), entered December 11, 1985, which, inter alia, (1) awarded the plaintiff wife mainte-

nance in the amount of $200 per week for five years commencing October 14, 1983, (2) did not award child support, (3) directed that the marital residence be placed on the market for sale in November 1989 and that the net proceeds thereof be divided equally, (4) directed the defendant husband to pay to the plaintiff wife from his share of the net proceeds from the sale of the marital residence, the sum of $54,816.79, representing her share of his pension and employee investment plans, (5) directed the defendant husband to pay the mortgage amortization, real estate taxes and homeowners' insurance on the marital residence until the property is sold, (6) awarded the plaintiff wife counsel fees of $4,700, and (7) failed to grant the plaintiff wife an award for a pension appraiser's fee.

Ordered that the judgment is modified, on the law and the facts, and in the exercise of discretion, by (1) deleting the word "five" from the fourth decretal paragraph thereof and by substituting therefor the word "seven", (2) deleting the sixth decretal paragraph and substituting therefor a provision directing the defendant to pay child support to the plaintiff in the amount of $25 per week for each of the children, Suzanne and Wendy (for a total of $50 per week), (3) deleting the ninth decretal paragraph, (4) deleting from the fifteenth decretal paragraph the figure "$54,816.79" and substituting therefor the figure "$52,816.79", (5) adding a provision that the defendant's obligation to pay the plaintiff maintenance shall terminate in the event of her death, and (6) adding a provision directing the defendant to pay the pension appraiser's court-appearance fee of $400. As so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

Under all of the facts and circumstances of this case, it is our view that maintenance in the amount of $200 per week should have been granted to the plaintiff wife for a period of seven years from October 14, 1983, i.e., until 1990, rather than five years from October 14, 1983, and the judgment has been modified accordingly. Moreover, we have added a provision to the judgment that the defendant husband's obligation to pay maintenance shall terminate upon the plaintiff wife's death in order to qualify the maintenance payments for tax deductibility pursuant to 26 USC § 71 (b) (1) (D) (see, Golob v Golob, 122 AD2d 866).

We further find that the trial court erred in failing to

award child support for Suzanne and Wendy, who are both unemancipated and under 21 years of age *(see,* Family Ct Act § 413). It appears from the record that the defendant has been voluntarily giving Suzanne an allowance of $25 per week. Under the circumstances, the judgment has been modified so as to direct the defendant to pay child support in the amount of $25 per week for each child.

The record indicates that the defendant has been paying the mortgage amortization, real estate taxes and insurance on the marital residence. The ninth decretal paragraph of the judgment directs the defendant to "continue to pay mortgage amortization [real estate] taxes and homeowners *[sic]* insurance on the marital residence until such time as it is sold". On appeal, the defendant argues that these open-ended obligations are prohibited by 22 NYCRR former 699.9 (f) (6), now 22 NYCRR 202.50 (b) Appendix B. Established precedent supports the defendant's argument on this issue *(see, Rogers v Rogers,* 116 AD2d 710; *Belcastro v Belcastro,* 104 AD2d 625; *Price v Price,* 113 AD2d 299; *Troiano v Troiano,* 87 AD2d 588). Accordingly, the case must be remitted to the Supreme Court, Nassau County, to fix a monetary limitation on these obligations and to credit the defendant with any payments already made toward these obligations.

With respect to the distribution of marital assets, the trial court, *inter alia,* directed that the marital residence be placed on the market for sale in November 1989 and that the net proceeds of the sale be divided equally. The trial court also evaluated the defendant's pension and employee investment plans in the total amount of $105,633.58 and awarded the plaintiff one half of that amount. This latter distributive award was to be paid to the plaintiff by the defendant from his share of the proceeds of the sale of the marital residence. The trial court's directive regarding the sale of the marital residence and its evaluation of the defendant's pension and employee investment plans were fair and equitable. However, one half of $105,633.58 is $52,816.79, and not $54,816.79, as stated in the judgment. Accordingly, the judgment has been modified to rectify this mathematical error. Further, under all of the circumstances herein, the defendant should pay the pension appraiser's court appearance fee of $400 *(see,* Domestic Relations Law § 237 [a], [c]; *Litman v Litman,* 93 AD2d 695, *affd* 61 NY2d 918), and the judgment has been modified accordingly.

We have reviewed the remaining contentions raised by the

parties and find them to be without merit. Mollen, P. J., Mangano, Niehoff and Weinstein, JJ., concur.