■ TASOS CHRISAIDOS, Appellant, v XANTHE CHRISAIDOS, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Queens County (Rosenzweig, J.), dated August 22, 1989, as, after a nonjury trial, (1) awarded custody of the infant child of the parties to the defendant wife, (2) permitted the wife and the parties' child to relocate to Florida, (3) directed the hus-

band to pay "one-half of any and all repairs or costs of maintenance" of the parties' Florida home until the child reached the age of 18 or was emancipated, and (4) awarded the wife counsel fees.

Ordered that the judgment is reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County for further proceedings consistent herewith; and it is further,

Ordered that in the interim, all of the deleted provisions of the judgment shall remain in effect except for the provision awarding counsel fees to the wife.

Following a trial of this matrimonial action in which both the husband and wife sought custody of their only child, the court awarded custody to the wife and permitted her and the child to relocate to Florida. In its decision, the court indicated that it had relied upon an in camera review of the reports of a court-appointed psychiatrist who had examined the parties and the child. The husband contends that the court erred in keeping these reports confidential absent the consent of the parties (see, Matter of Lincoln v Lincoln, 24 NY2d 270; Kesseler v Kesseler, 10 NY2d 445). We are unable to determine from this record whether all of the reports viewed in camera were made available to the parties. The use of such professional reports without providing the parties with an opportunity to explain or rebut material contained therein "entail(s) too many risks of error" (Matter of Lincoln v Lincoln, supra, at 273). Consequently, the matter is remitted to the Supreme Court, Queens County, for a new determination on the issue of custody at which time the parties are to be provided with all reports which were viewed in camera by the court. The parties should also be provided with an opportunity to cross-examine the court-appointed psychiatrist and to submit other evidence in connection with any issues raised in the reports. Upon making its determination with regard to custody, the court should address the issue raised in the husband's brief as to whether the custodial parent should execute a written declaration pursuant to 26 USC § 152 (e).

In addition, the matter must be remitted for a new determination with respect to the amount that the husband is directed to pay to the wife for the maintenance costs of the parties' Florida home. The court erred in directing the husband to pay "one-half of any and all repairs or costs of maintenance" of the home since such payments are in the nature of open-ended obligations (see, Weinstein v Weinstein, 125 AD2d 301; Murena v Murena, 75 AD2d 640). Upon remit-

tal, the court must also make a new determination with respect to the wife's request for counsel fees. Although the record reveals that the husband's attorney agreed that this issue could be determined on affidavits (see, Lancaster v Lancaster, 141 AD2d 701), there is no indication in the record that an affidavit of services from the wife's counsel was served upon the husband's counsel, and there is no basis in this record to review the propriety of the court's award. Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.