■ ERIC HUEBSCHER, Respondent, v STEPHANIE HUEBSCHER (LAZAR), Appellant. [614 NYS2d 524] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered June 1, 1993, which, *inter alia,* allocated child support between the parties, distributed the marital property and valued plaintiff's CPA license, unanimously modified, on the law, the facts and in the

exercise of discretion to the extent of vacating the allocation of child support, remanding the matter for a recalculation of the parties' respective support obligations, and otherwise affirmed, without costs.

Plaintiff's testimony that defendant wife's mother had provided the couple with annual gifts during the course of their marriage, coupled with other evidence of past generosity, was an improper basis upon which to impute such income to the wife for purposes of establishing the proper level of child support, as it assumed that such gift-giving by defendant's mother would continue in futuro. In any event, since the mother had no legal obligation, this "income" source should not have been taken into account.

The court, moreover, should have reopened the trial to determine whether plaintiff had received a bonus from his employer for the year 1990, and if so, the amount of that bonus.

We have considered defendant's remaining arguments and deem them to be without merit.

Motion for modification of the unpublished decision and order of this Court entered on June 2, 1994 (Appeal No. 52126-27) is deemed to be a motion for reargument and, upon reargument, the motion is granted, and said decision and order entered on June 2, 1994, which incorrectly rejected deductions for New York City and FICA taxes in calculating "income" for child support purposes (Domestic Relations Law § 240 [1-b] [b] [5]), is recalled and vacated and a new decision and order substituted therefor. Concur—Carro, J. P., Wallach, Ross, Rubin and Tom, JJ.