■ STEWART G. RICHARDS, Appellant, v SALLY RICHARDS, Respondent. [615 NYS2d 784] —Mikoll, J. P. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Benson, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered February 26, 1992 in Dutchess County, upon a decision of the court.

The parties were married on March 11, 1981. There are three issue of the marriage: Laura, born in 1981, and twin boys, Timothy and Adam, born in 1984. The parties separated on September 15, 1986 and the marital action was commenced March 11, 1987. Supreme Court granted mutual divorces to the parties and made an equitable distribution of marital property.

On this appeal plaintiff challenges the 50%-50% equitable distribution of the parties' marital assets, the distributive award made to defendant of the marital residence, the order requiring plaintiff to pay carrying charges on the home, the evaluation of plaintiff's pension including periods when plaintiff was not employed within the pension system, the calculations by Supreme Court of plaintiff's investment portfolio and the order to pay arrears in maintenance.

Plaintiff contends in the first instance that since his economic contributions far outweighed those of defendant, a 75%-25% division of property was indicated by the evidence. In regard to the marital home, Supreme Court found that plaintiff supplied $41,129 for the initial purchase of the home.

Improvements to the property were $27,598.09. The present appreciated value of the property was found to be $83,772.91. The court concluded that the substantial improvements and purchase of new appliances was the result of the equal contribution of both parties and, therefore, the appreciated value of the property was held to be marital property to be distributed equally between the parties. Defendant was given exclusive possession of the marital property until the parties' children reached majority. Plaintiff's initial payment of $41,129 was found to be separate property payable to plaintiff from the sale of the property upon the children reaching their majority.

We find no error in Supreme Court's disposition of the marital home. The appreciation in its value was due not only to plaintiff but to the efforts of defendant. Her contributions of moneys and personal effort as a spouse, parent, wage earner and homemaker is properly reflected in the 50%-50% disposition. The record discloses that it was apparently the remodeling of the home which resulted in its appreciation rather than market forces (see, Domestic Relations Law § 236 [B] [1] [d] [3]; Price v Price, 69 NY2d 8).

Next, plaintiff contests Supreme Court's direction that plaintiff pay the cost of all necessary repairs and improvements on the house except routine housekeeping, maintenance and minor repair expenses that do not entail the repair, construction and installation of a permanent improvement. We concur that such order is in the nature of an open-ended obligation (see, Weinstein v Weinstein, 125 AD2d 301) which is impermissible. The matter must be remitted in order for Supreme Court to fix a monetary limitation on these obligations and credit defendant with any payments already made toward such obligation.

As an ancillary matter, plaintiff urges that Supreme Court failed to consider the tax consequences of the ultimate sale of the marital property in its disposition. We note that it is plaintiff who is seeking such consideration and it is his burden to prove the tax consequences attendant on the matter. Plaintiff has failed to produce evidence relevant to the issue (see, De La Torre v De La Torre, 183 AD2d 744, 745). Supreme Court thus did not err in disregarding this factor in marital distribution.

As to other marital property, Supreme Court ordered that it be distributed equally between the parties. Plaintiff contends that his superior income power, the short duration of the marriage and the fact that both parties, as airline employees, were required to spend time away from home overnight and

that the nurturing of the children was relegated to paid live-in staff makes such disposition not justified by the record. We cannot say that Supreme Court erred in finding that the marital property was the result of approximately equal contributions by the parties. While plaintiff earned a great deal more than defendant, her contributions were also significant. Defendant used her earnings to clothe herself and the children, run the home, pay household bills and to improve the property as well as furnish it. Her efforts as wife, homemaker and mother were added to the balance resulting in a 50%-50% division, which we find appropriate. We note too that plaintiff used a significant part of his salary to add to his investments. Also, after the parties separated plaintiff purchased a $190,000 home for cash.

Plaintiff challenges Supreme Court's distribution of his pension with Trans World Airlines (hereinafter TWA). Prior to the parties' marriage, plaintiff was laid off from TWA and did not return to its employment until January 1986. The actuary produced valuation figures as to plaintiff's pension excluding the period of layoff. Supreme Court elected to include the full number of months the parties were married in evaluating the pension, including the time plaintiff was laid off, thus upholding defendant's contention that the passive appreciation in plaintiff's accrued benefits between the date of their marriage and his return to work for TWA should be included in calculation of the value of the pension as marital property. We conclude that Supreme Court erred. Defendant did not make any contribution to the appreciation in value of the pension during his layoff. It was stipulated by the parties that during plaintiff's layoff his pension plan appreciated due to market factors and accrual of interest on premarital contributions by TWA. In order to warrant an award of appreciation in value of plaintiff's pension plan, defendant must show that her direct or indirect contributions to the marital relationship were causally related to the enhancement of the separate property asset (see, Price v Price, 113 AD2d 299, 307, affd 69 NY2d 8). Since no such showing was made, Supreme Court erred in finding that plaintiff's layoff period should be included in equitable distribution.

Plaintiff contends that Supreme Court erred in finding that the marital portion of plaintiff's securities portfolio was $63,880. The computation resulted from adding to the $43,880 figure provided by plaintiff's accountant as representing total savings throughout the marriage, $20,000 for the purchase of certain New York State Transit Authority notes in May 1981

which the court held plaintiff failed to prove to be the proceeds of separate property. Plaintiff also contends that Supreme Court erred in finding that he is not entitled to a credit of $41,970 in withdrawals for family purposes from his investment account. Since plaintiff sought to rebut the presumption that property purchased during the marriage is marital property (see, Lischynsky v Lischynsky, 120 AD2d 824), the burden to do so was his (see, Raviv v Raviv, 153 AD2d 932). We cannot say that Supreme Court erred in finding that he failed to prevail on the issue of the New York State Transit Authority notes. Plaintiff did, however, show that the withdrawals made from the securities portfolio were separate property or the proceeds thereof, and thus Supreme Court should have subtracted $41,970 in withdrawals from the sum of $63,880, leaving a total of $21,910. The marital portion of plaintiff's securities portfolio withdrawals to pay marital debt or purchase marital assets must be deducted from the marital additions before determining what marital interest exists in plaintiff's portfolio of investments.

Plaintiff's contention, that Supreme Court erred in directing that he pay arrears to defendant "including any arrears of pendente lite maintenance", is without merit. Supreme Court reserved jurisdiction of the issue to itself and its disposition of the matter is entirely appropriate.

Plaintiff also challenges the amount charged for defendant's counsel fees as excessive and Supreme Court's order that he pay $32,500 for her counsel fees out of a total sum of $45,000 awarded by the court as unjustified. As Supreme Court noted, the issues in this case were not intricate and both parties leave this short marriage with considerable assets, the parties having received a 50%-50% split of marital assets. Nothing in the record establishes that the fee sought is customary in a suit of this nature. The time sheets lack time slips and records, disbursements are not documented and the types of services rendered are not provided in sufficient detail. In view of this, we further reduce defendant's counsel fees to $25,000 and order plaintiff, in view of his superior financial abilities, to pay $20,000 thereof to defendant's counsel. Defendant will be responsible for the remainder and all disbursements. Plaintiff is to be credited with $1,000 already paid for counsel fees.

Crew III, White, Weiss and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, to the extent that the amount plaintiff is ordered to pay for defendant's counsel fees is reduced to $20,000; matter remitted to the Supreme Court for a new

determination with respect to the amount plaintiff is to pay for maintenance of the marital residence, the distribution of plaintiff's securities and the award of pension appreciation; and, as so modified, affirmed.