■ JANET E. POSSON, Respondent, v MICHAEL H. POSSON, Appellant. [645 NYS2d 155] —White, J. Appeals from an order and

amended order of the Supreme Court (Ingraham, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered September 19, 1995 and October 19, 1995 in Chenango County, upon a decision of the court.

The principal issues on these appeals arising from Supreme Court's equitable distribution of the parties' marital property center on the marital residence defendant purchased from his parents prior to the parties' marriage in 1983, a mortgage the parties executed on November 1, 1992 in favor of defendant's parents securing alleged loans totaling $55,000, and Supreme Court's awards of child support and maintenance.

A full appreciation of these issues requires a brief synopsis of the litigation in which these parties were engaged prior to the equitable distribution award. Following the commencement of this matrimonial action on December 1, 1993, plaintiff obtained an order awarding her exclusive possession of the marital residence. Thereafter, in January 1994, defendant conveyed the marital residence to his parents who sought to evict plaintiff and the parties' three children. Plaintiff then filed an amended summons and complaint against defendant and his parents that included a cause of action seeking a judgment nullifying the November 1992 mortgage and the above-mentioned deed. Supreme Court severed this cause of action from plaintiff's cause of action for divorce. A jury trial on the severed cause of action ensued which culminated in a judgment discharging the mortgage and canceling the mortgage note as against plaintiff, thereby eliminating the mortgage as an item of marital debt. However, although one of the remedies plaintiff sought in her cause of action against defendant's parents was the nullification of the subject deed, this issue was not presented to the jury nor reflected in the judgment entered on the jury's verdict.

In its amended order of equitable distribution, Supreme Court set aside the deed of the marital residence from defendant to his parents. Defendant argues that this aspect of Supreme Court's order must be vacated because, upon severance, his parents were no longer parties to the matrimonial action and, consequently, were denied the opportunity to be heard and were deprived of a property interest without due process of law. Since the record of the first trial is not before us, we are unable to ascertain all the circumstances surrounding the execution of the deed from defendant to his parents in January 1994 and, thus, cannot determine if the principles of collateral estoppel would have barred defendant's parents from litigating this issue in the matrimonial action (*see*, Siegel, NY

Prac § 473, at 723 [2d ed]). Accordingly, we will remit plaintiff's cause of action to set aside the deed to Supreme Court with instructions to rejoin defendant's parents for the purposes of trial or other disposition (*see*, CPLR 1003).

Next, defendant challenges Supreme Court's awards of maintenance and child support. Principally, he takes issue with its finding that he had an annual imputed income of $23,450, pointing to his income tax records showing the parties' joint earnings were $12,509 in 1991 and $13,613 in 1992, and that he earned $6,658 in 1993.

It is well settled that an award of maintenance does not have to be determined by actual earnings but may be based upon earning capacity (*see*, *Kay v Kay*, 37 NY2d 632, 637; *Liadis v Liadis*, 207 AD2d 331). In this instance, defendant's claimed income is suspect for, as Supreme Court pointed out, he claimed an automobile business expense of $8,400 despite the fact his business ventures were failing. Moreover, the evidence established that in 1994 defendant deposited approximately $40,000 in his checking account without any explanation as to how these funds were disbursed. It must also be noted that defendant's various self-employment pursuits provided him with the opportunity to manipulate his finances, a suspicion he made no effort to dispel by means of a full accounting. It also appears that he did not attempt to utilize his commercial pilot's license to obtain more remunerative employment. Therefore, in light of these circumstances, Supreme Court was justified in awarding plaintiff maintenance in the sum of $100 per week for five years considering her needs, her ability to be self-supporting and the parties' predivorce standard of living (*see*, *Hartog v Hartog*, 85 NY2d 36, 51; *Powers v Powers*, 171 AD2d 737, 738).

We reach a different determination with regard to the award of child support. The Child Support Standards Act (hereinafter CSSA) requires that the statutorily defined income be applied to the formula to calculate the basic child support obligation and to apportion the pro rata share to be paid by the noncustodial parent, unless the court finds that such amount is unjust or inappropriate (*see*, *Malatino v Malatino*, 185 AD2d 605, 606; *see also*, Domestic Relations Law § 240 [1-b] [f]). Supreme Court failed to comply with CSSA in that, without finding that an award based upon defendant's annual imputed income of $23,450 would be unjust or inappropriate, it continued the child support award fixed by the Judicial Hearing Officer that was predicated upon an annual income of $13,988. Additionally, Supreme Court erred in directing defendant to pay the

carrying charges on the marital residence without first subtracting the fixed carrying charges that will not be reimbursed to defendant upon the sale of the marital residence* from the parties' gross income (*see, Linda R. H. v Richard E. H.*, 205 AD2d 498, 500; *Chasin v Chasin*, 182 AD2d 862, 863). Accordingly, for these reasons we shall vacate the child support award and remit that issue to Supreme Court for further proceedings since the record does not provide sufficient information to enable us to make this determination.

Defendant's remaining contentions lack merit. There was no abuse of discretion by Supreme Court either in valuing defendant's separate property interest in the marital residence, since the valuation established was within the framework of the evidence (*see, Hoyt v Hoyt*, 166 AD2d 800), or in declining to recuse itself, as defendant has not demonstrated that Supreme Court's determination flowed from any alleged bias (*see,* 28 NY Jur 2d, Courts and Judges, § 113, at 206).

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order and amended order are modified, on the law, by deleting therefrom the decretal paragraph setting aside the deed dated January 11, 1994 from Michael H. Posson to Richard E. Posson and Yvonne E. Posson and the decretal paragraph establishing child support; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

* Upon the sale, defendant is to be reimbursed for that portion of the principal he paid on a certain mortgage calculated from October 14, 1995 to the date of sale.