■ DIANE O'CONNOR, Respondent, v MICHAEL O'CONNOR, Appellant. [660 NYS2d 173] —White, J. Appeal from an order of the Supreme Court (Teresi, J.), entered December 27, 1996 in Rensselaer County, which partially granted plaintiff's motion for certain pendente lite relief.

The parties were married in 1980 and have one child, currently 10 years old. Marital difficulties led plaintiff to commence this divorce action on November 1, 1996 and to immediately seek pendente lite relief. Predicated upon its determination that defendant's annual income in 1995 was $75,000, Supreme Court awarded plaintiff $250 per week temporary maintenance plus directed defendant to pay the carrying charges on the marital residence which total approximately $1,000 per month. In addition, having awarded plaintiff temporary custody, it fixed defendant's support obligation at $247 per week. Claiming that these support awards, when considered with his responsibility to pay the carrying

charges on the marital residence, place an onerous and impossible financial burden upon him, defendant appeals, urging us to reduce these awards. Additionally, he challenges the award of temporary custody to plaintiff.

Rarely do we modify pendente lite awards since the most efficacious remedy for any perceived inequity is a speedy trial (*see, Twaite v Twaite*, 235 AD2d 616, 617-618; *Newkirk v Newkirk*, 194 AD2d 842). This is one of those rare instances since the financial obligations imposed upon defendant appear to consume most of his base salary, thereby preventing him from meeting his financial obligations (*see, Stanton v Stanton*, 211 AD2d 781, 781-782; *Fascaldi v Fascaldi*, 209 AD2d 576, 577; *Bagner v Bagner*, 207 AD2d 367, 368).

We disagree with Supreme Court's utilization of defendant's 1995 income as the sole foundation for its awards. The record shows that defendant is employed by New York State at an annual salary of $34,500 and is also a licensed insurance broker. Although not actively engaged as a broker, defendant apparently earned $38,505 in commissions in 1995. That, however, appears to be a nonrecurring payment inasmuch as defendant's average annual commissions between 1988 and 1994 totaled $4,500. Because this nonrecurring payment artificially inflated defendant's earning capacity, it should not have been totally utilized in determining his ongoing support obligations[1] (*see, Huebscher v Huebscher*, 206 AD2d 295, 296; *see also*, 3 Lansner-Reichler, NY Civ Prac: Matrimonial Actions §§ 43.08, 43.10 [10] [d]). We further note that Supreme Court's child support determination was incorrect because it failed to make the appropriate FICA deduction and did not deduct the fixed carrying charges on the marital residence from defendant's gross income (*see, Posson v Posson*, 229 AD2d 690, 692-693; *see also*, Domestic Relations Law § 240 [1-b] [b] [5] [vii] [H]).

For these reasons, we reverse Supreme Court's award of $250 per week in temporary maintenance and $247 per week in child support, and affirm the requirements that defendant pay the carrying charges on the marital residence.

We will remit this matter to Supreme Court to recalculate its pendente lite order[2] and for an expeditious trial to resolve all issues on a final basis. In the interim, plaintiff's temporary

---

1. A portion of this commission may be allocated to child support, payable in a manner directed by the court (*see*, Domestic Relations Law § 240 [1-b] [e]).

2. In this regard, we note by way of guidance that each party is obligated to file a "sworn statement" of net worth "accompanied by a current and representative paycheck stub and the most recently filed state and federal

custody of the child shall continue and our order of January 8, 1997 is required to remain in full force and effect whereby defendant shall pay $125 per week as spousal maintenance and $125 per week as child support in addition to the carrying charges on the marital residence.

Cardona, P. J., Mercure and Carpinello, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as awarded $250 per week temporary maintenance and $247 per week in child support; matter remitted to the Supreme Court for an expeditious trial and further proceedings not inconsistent with this Court's decision, and our order dated January 8, 1997 shall continue in full force and effect until further order; and, as so modified, affirmed.

income tax returns" (Domestic Relations Law § 236 [B] [4]; see, 22 NYCRR 202.16 [k] [2]). We also note that noncompliance is subject to punishment by the prescription of penalties under CPLR 3126 (see, Domestic Relations Law § 236 [B] [4]) and the drawing of "an inference favorable to the adverse party with respect to any disputed fact or issue affected by such failure" (22 NYCRR 202.16 [k] [5] [i]; see, Roach v Roach, 193 AD2d 660).