■ KAREN SKINNER, Also Known as KAREN JOHNSON, Appellant-Respondent, v GEORGE SKINNER, Respondent-Appellant. [661 NYS2d 648] —In an action for a divorce and ancillary relief, (1) the plaintiff former wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Nicolai, J.), entered April 18, 1996, as amended by order of the same court, entered August 16, 1996, as, after a nonjury trial, (a) directed that an imputed figure of only $23,000 should be added to the amount shown on the defendant's tax returns in the computation of his annual income, and (b) directed the immediate sale of the marital residence, and (2) the defendant former husband cross-appeals, as limited by his notice of cross appeal and brief, from stated portions of the same judgment, as amended, as (a) awarded the plaintiff maintenance in the amount of $860 per month for the first year, $645 per month for the second year, and $430 per month for the following four years, (b) directed that he pay the second mortgage on the marital residence, (c) awarded the plaintiff counsel fees in the amount of $12,000, and (d) directed that he is solely responsible for the unreimbursed medical expenses of the parties' children.

Ordered that the judgment as amended is modified, on the law and the facts, by (1) deleting the provision thereof which directed that an imputed figure of only $23,000 should be added to the amount shown on the defendant's tax returns in the computation of his annual income, and (2) deleting the provision thereof which directed the immediate sale of the marital home and substituting therefor a provision directing that the marital home should be sold when the younger of the couple's two children reaches her majority or is otherwise emancipated; as so modified, the judgment as amended is affirmed insofar as appealed and cross-appealed from, with costs payable to the plaintiff, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith, including a hearing on the amount of additional

income to be imputed to the defendant, including but not limited to $23,000, the value of car insurance, gas, oil, vehicle maintenance and repair costs, and personal expense funds provided by the defendant's employer.

Domestic Relations Law § 240 provides, in relevant part, that in calculating a party's income, the court may, in its discretion, impute income from such other resources as may be available to the party, including automobiles or other perquisites that are provided as part of compensation for employment, to the extent that such perquisites constitute expenditures for personal use, or which expenditures directly or indirectly confer personal economic benefits, fringe benefits provided as part of compensation for employment, and money, goods or services provided by relatives and friends (see, Domestic Relations Law § 240 [1-b] [b] [5] [iv]). Here, the defendant's income tax returns for the years 1991, 1992, and 1993, which were admitted into evidence, reflected a gross income of $46,800 for each year. In addition, the court properly found that he received certain benefits and perquisites from his employer which were not included as income on the tax returns, amounting to some $23,000 per annum. However, the court overlooked assorted other items also supplied to the defendant by his employer, to wit, certain automobile insurance, gas and oil payments, vehicle maintenance and repair costs, and a personal expense allowance of up to $200 a week. We find that the court erred in not factoring these items into the defendant's imputed income as well. The defendant's annual income should therefore be recomputed, and his child support and other obligations adjusted accordingly.

We further conclude that the trial court improvidently exercised its discretion in directing the immediate sale of the marital residence under the circumstances of this case (see, e.g., Hillmann v Hillmann, 109 AD2d 777; Patti v Patti, 99 AD2d 772). The exclusive possession of a marital residence is generally awarded to a custodial spouse with minor children (see, e.g., Flanagan v Flanagan, 118 AD2d 681; Hillmann v Hillmann, supra; Damiano v Damiano, 94 AD2d 132), in the absence of a showing that the financial circumstances of the parties dictate otherwise (see, e.g., Stolow v Stolow, 149 AD2d 683, 685; Behrens v Behrens, 143 AD2d 617; Blackman v Blackman, 131 AD2d 801). Here, the children, who are now 12 and 6 years of age, have lived in the marital home since 1991, and the monthly mortgage payments, which are not exorbitant, should be manageable by the plaintiff on her current full-time salary of $35,000, as augmented by the defendant's increased

support (see, Domestic Relations Law § 236 [B] [5] [d] [3]; *Gundlach v Gundlach,* 223 AD2d 942; *Carpenter v Carpenter,* 202 AD2d 813; *Pacillo v Pacillo,* 155 AD2d 736; *cf., Brundage v Brundage,* 100 AD2d 887). In addition, as the court correctly found, the defendant was concealing his actual income as well as his true business relationship with his purported employer. In view of this fact, the defendant has failed to show that his financial condition is so strained that an immediate sale of the marital residence is warranted (*Parris v Parris,* 136 AD2d 685; *Flanagan v Flanagan, supra; cf., Stolow v Stolow, supra*).

The court did not improvidently exercise its discretion in providing for an award of maintenance for 6 years rather than for some shorter period, in view of the 10 years that the plaintiff has been out of the work force, and the conspicuous disparity in the parties' earning power (*see, e.g., Kay v Kay,* 37 NY2d 632; *Liadis v Liadis,* 207 AD2d 331). Nor was it an abuse of discretion to require the defendant to pay the plaintiff's attorney's fees in light of the relative "financial circumstances of the parties" (*see, e.g., Gundlach v Gundlach, supra; Cardia v Cardia,* 203 AD2d 650, 652; *Sclafani v Sclafani,* 178 AD2d 830, 832).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.