■ KAREN SKINNER, Also Known as KAREN JOHNSON, Respondent, v GEORGE SKINNER, Appellant. [706 NYS2d 182] —In a matrimonial action in which the parties were divorced by judgment entered April 18, 1996, the defendant former husband appeals, as limited by his brief, from (1) stated portions of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated October 15, 1998, which, upon remittitur from this Court (*see, Skinner v Skinner,* 241 AD2d 544), *inter alia,* (a) set his income for the purpose of determining child support at the sum of $100,344 per year, (b) directed that he pay child support in the sum of $1,833 per month and maintenance in the sum of $1,000 per month, and (c) granted the plaintiff leave to enter a judgment in the sum of $27,420 for arrears in child support and maintenance, and (2) so much of an order of the same court, dated November 19, 1998, as awarded the plaintiff former wife counsel fees in the principal sum of $40,000.

Ordered that the order dated October 15, 1998, is modified by (1) deleting from the first decretal paragraph thereof the sum of $100,344 and substituting therefor the sum of $91,073, (2) deleting from the third decretal paragraph thereof the sum of $1,833 and substituting therefor the sum of $1,679, and (3) deleting the fourth, fifth, and sixth decretal paragraphs; as so modified, the order is affirmed insofar as appealed from and the matter is remitted to the Supreme Court, Westchester County, for recalculation of the amount of arrears and entry of an appropriate judgment for arrears; and it is further,

Ordered that the order dated November 19, 1998, is modified by deleting the provision thereof awarding the plaintiff counsel

fees in the sum of $40,000 and substituting therefor a provision awarding the plaintiff counsel fees in the sum of $18,940; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

On the prior appeal (*Skinner v Skinner,* 241 AD2d 544, *supra*), we remitted the matter to the Supreme Court "for further proceedings in accordance *herewith,* including a hearing on the amount of additional income to be imputed to the defendant, including but not limited to $23,000, the value of car insurance, gas, oil, vehicle maintenance and repair costs, and personal expense funds provided by the defendant's employer" (*Skinner v Skinner, supra* at 544-545; emphasis supplied). "Herewith" refers to the body of our decision which enumerated the items which the Supreme Court was to consider in recomputing the defendant's annual income. The Supreme Court exceeded the scope of the remittitur by considering $50,000 which the defendant's employer gave to him as a down payment for the marital home, as well as $18,000 which the defendant misappropriated from his employer, and imputing those sums or parts thereof as income of the defendant.

There was no evidence that the defendant's employer provided the defendant with any other gift or bonus similar to the $50,000, indicating that this was a nonrecurring payment. Thus, it should not have been utilized in determining the defendant's ongoing support obligations (*see, O'Connor v O'Connor,* 241 AD2d 648, 649; *Huebscher v Huebscher,* 206 AD2d 295). Similarly, the $18,000 the defendant misappropriated from his employer by "padding" his expense account also constitutes a nonrecurring payment, and therefore, should not have been used in recomputing his support obligation.

The Supreme Court also erred in imputing as income the full value of other expenses paid by the defendant's employer, such as the value of employer-supplied automobiles. While Domestic Relations Law § 240 (1-b) (b) (5) (iv) (B) permits income to be imputed as a result of the use of a company automobile for personal needs, "it is a complex issue on which the [plaintiff] has the burden of proof" (*Marsh v Fieramusca,* 150 Misc 2d 776, 782; *see also, Costanza v Costanza,* 213 AD2d 1044, 1045).

In its original determination the Supreme Court imputed income to the defendant in the sum of $6,600, representing "car payments as admitted in the defendant's net worth statement". At the hearing on the remittitur the evidence established that the defendant's employer leases only one vehicle for him for $7,920 per year. Accordingly, only the difference between the two amounts should have been imputed as income.

Additionally, the amount imputed as employer-paid expenses for gas and oil for the leased vehicle should have been reduced by 50%, from $3,000 to $1,500, to account for the defendant's business use of the vehicle.

The Supreme Court also erred in failing to include $10,400 as imputed income from the defendant's $200 per week expense account. Contrary to the defendant's assertion and the Supreme Court's conclusion, the record does not indicate that the expense account had terminated.

The Supreme Court erred in increasing the amount of maintenance awarded by the judgment of divorce. The issue of maintenance was not within the scope of the remittitur.

The plaintiff's attorney concedes that in addition to this proceeding he represented the plaintiff in Family Court, in a foreclosure action, and in various enforcement proceedings against the defendant and his employer, and that charges for those services were included in his application for counsel fees. In making the award of counsel fees, the Supreme Court did not distinguish between services rendered in connection with the matrimonial action and those rendered in connection with the nonmatrimonial matters for which counsel fees are not recoverable (see, Domestic Relations Law § 237; see also, Lucci v Lucci, 227 AD2d 387, 389; Sandel v Sandel, 96 AD2d 584). Moreover, some of the charges submitted to the Supreme Court on the current application for counsel fees had previously been submitted and were considered when the Supreme Court awarded the plaintiff counsel fees of $12,000 in the judgment of divorce. We have adjusted the Supreme Court's award accordingly.

The defendant's remaining contentions are without merit. Ritter, J. P., Friedmann, Feuerstein and Smith, JJ., concur.