■ EILEEN AWERMAN, Appellant, v STEPHEN AWERMAN, Respondent. [830 NYS2d 223]—

In an action, inter alia, to recover damages for breach of a separation agreement, the plaintiff appeals from an order of the Supreme Court, Queens County (Strauss, J.), dated June 22, 2005, which granted the defendant's motion for summary judgment dismissing the complaint, denied the plaintiff's cross motion for summary judgment, and denied as academic the plaintiff's motion to compel discovery.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint and substituting therefor a provision denying that motion, and (2) deleting the provision thereof denying as academic the plaintiff's motion to compel discovery, and substituting therefor a provision granting that motion; as so modified, the order is affirmed, with costs to the plaintiff.

In 1979 the plaintiff and the defendant executed a separation agreement (hereinafter the agreement) which thereafter was incorporated but not merged into a judgment of divorce. The agreement provided, inter alia, that the defendant was to pay the plaintiff the sum of $123 per week for her "support and maintenance" plus 17.77% of any future increase in his "net income." The agreement defined the term "net income" as

"gross income less deductions for Federal, State, City income tax and FICA." The plaintiff alleged, among other things, that the defendant breached the agreement by failing to pay increased maintenance based upon income which he had deferred into a 401K retirement plan. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint, finding that there was no "evidence that the [defendant] breached any duty owed to the [plaintiff]," and denied as academic the plaintiff's cross motion for summary judgment. The court also denied as academic the plaintiff's motion to compel discovery.

"A matrimonial settlement is a contract subject to principles of contract interpretation . . . [and] a court should interpret the contract in accordance with its plain and ordinary meaning" (*Edwards v Poulmentis,* 307 AD2d 1051, 1052 [2003]; *see Girardin v Girardin,* 281 AD2d 457 [2001]). Here, the agreement unambiguously defines the term "net income" as the defendant's gross income less only tax deductions (emphasis added). However, it appears that beginning in 1997 the defendant may have calculated his net income by not only deducting taxes from his gross income, but also by subtracting his contributions to his 401K plan. Accordingly, the plaintiff may have a valid claim for increased maintenance. However, since this issue was not resolved on the papers submitted, neither party was entitled to summary judgment (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). In view of this conclusion, the plaintiff's motion to compel discovery should have been granted. Schmidt, J.P., Santucci, Fisher and Covello, JJ., concur.