■ LAUREN L. MIRKIN, Respondent, v GARY MIRKIN, Appellant. [842 NYS2d 548]—

In a matrimonial action in which the parties were divorced by judgment dated January 11, 1999, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Tolbert, J.), entered January 23, 2006, as, after a hearing, granted those branches of the plaintiff's motion which were to apply certain payments he received in the years 2000 and 2004 toward his annual income for the purpose of calculating his requisite annual child support payments, for child support arrears, and for an award of an attorney's fee, and directed him to pay the sum of $275,364.99 in child support arrears, and the sum of $32,354.96 as an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were divorced in 1999. Pursuant to the terms of the stipulation of settlement that was incorporated but not merged into the judgment of divorce, the defendant's child support obligation was to be established on February 1st of each year in an amount equal to 25% of his income for the previous year. The stipulation obligates the defendant to "provide to the Wife/Mother copies of his final annual pay stub and earnings report from all his employers so as to enable the parties to fairly and properly apply the twenty-five (25%) percent fraction to the then current income so as to establish the correct child support amount by either increasing or decreasing or maintaining the current payment, as each year's income performance dictates." It defines the term "income" by reference to the defi-

nition of that term in the Child Support Standards Act (Domestic Relations Law § 240 [1-b] [hereinafter the CSSA]). The stipulation further provides that if the defendant defaulted in his obligations and failed to cure the default within 15 days of notice, he was obligated to indemnify the plaintiff for any costs, including reasonable attorney's fees, that she incurs in successfully enforcing the terms of the stipulation.

A stipulation of settlement entered into by spouses in contemplation of divorce is a contract to be enforced according to its plain and ordinary meaning (*see Awerman v Awerman*, 36 AD3d 842, 843 [2007]; *Fishler v Fishler*, 2 AD3d 487, 488 [2003]; *Barna v Barna*, 279 AD2d 441 [2001]). Under the CSSA, income consists of, among other things, "gross (total) income as should have been or should be reported in the most recent federal income tax return" (Domestic Relations Law § 240 [1-b] [b] [5] [i]). The amounts in issue here, a $625,000 bonus the defendant received in 2000, and a $75,000 payment received in 2004 as settlement of a lawsuit against his former employer, fall within this definition, as evidenced by the fact that both were reported on the defendant's earnings statements for the respective years (*see Holterman v Holterman*, 3 NY3d 1, 10 [2004]; *Matter of Graby v Graby*, 87 NY2d 605, 609-610 [1996]). Although certain nonrecurring income may be excluded in calculating the ongoing child support obligation of a noncustodial parent (*see Gina P. v Stephen S.*, 33 AD3d 412, 414 [2006]; *Skinner v Skinner*, 271 AD2d 679, 680 [2000]; *O'Connor v O'Connor*, 241 AD2d 648, 649 [1997]; *Huebscher v Huebscher*, 206 AD2d 295, 296 [1994]), the stipulation of settlement at issue here requires that the defendant's child support obligation be recalculated each year on the basis of his actual income for the previous year. The Supreme Court correctly concluded, therefore, that the stipulation of settlement required the inclusion of these amounts in the defendant's income for the purpose of defining his child support obligation for the years in question.

Contrary to the defendant's argument, Domestic Relations Law § 240 (1-b) (e) is not controlling here. That provision permits a court to allocate a portion of a parent's nonrecurring income to child support (*see Matter of Cody v Evans-Cody*, 291 AD2d 27, 30 [2001]; *LaBombardi v LaBombardi*, 220 AD2d 642, 644 [1995]). It does not alter the definition of income to which the stipulation refers. In any event, the amounts in issue here do not constitute "non-recurring payments from extraordinary sources not otherwise considered as income pursuant to this section" (Domestic Relations Law § 240 [1-b] [e]).

The Supreme Court also correctly concluded that the defen-

dant's willful default in failing to provide his earnings statement and to pay child support as required by the terms of the stipulation of settlement warranted the award of attorney's fees (*see Shanon v Patterson*, 38 AD3d 519 [2007]; *Sieratzki v Sieratzki*, 8 AD3d 552, 554 [2004]; *Matter of Tito v Tito*, 276 AD2d 559, 560 [2000]; *Zeitlin v Zeitlin*, 250 AD2d 607, 608-609 [1998]). The defendant's argument that an attorney's fee should have been denied to the plaintiff because he incurred the additional cost of a second hearing allegedly as a result of the plaintiff's fault does not abrogate his contractual obligation to indemnify her for the expenses she incurred in enforcing the stipulation.

Motion by the respondent on an appeal from an order of the of the Supreme Court, Westchester County, entered January 23, 2006, to strike the appellant's reply brief on the ground that it contains matter dehors the record, and for an award of costs. By decision and order on motion of this Court dated April 30, 2007, the motion was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the motion is denied. Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.