■ KELLY M. SEMBER, Respondent, v DAVID J. SEMBER, Appellant. [898 NYS2d 332]—

Rose, J. Appeal from a judgment of the Supreme Court (Cahill, J.), entered February 6, 2009 in Ulster County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

The parties to this 18-year marriage have four children now ranging from 8 to 18 years of age. After defendant left the marital residence and plaintiff commenced this action for divorce, the parties agreed to the ground of abandonment and that plaintiff would have sole legal and physical custody of the children. After a bench trial of the remaining issues of equitable distribution, maintenance and child support, Supreme Court issued a judgment that denied plaintiff any maintenance, granted her exclusive use and possession of the marital residence, and required defendant to pay marital residence expenses, certain debts and child support. Defendant appeals.

Supreme Court did not err in awarding plaintiff exclusive possession, as there is a well-established preference for allowing the custodial parent to remain in the marital residence with the minor children of the marriage unless that parent "can obtain comparable housing at a lower cost or is financially incapable of maintaining the marital residence, or either spouse is in immediate need of his or her share of the sale proceeds" (*Nolan v Nolan*, 215 AD2d 795, 795 [1995]; *see Stacey v Stacey*, 52 AD3d 1219, 1221 [2008]; *Nissen v Nissen*, 17 AD3d 819, 820 [2005]; *Goldblum v Goldblum*, 301 AD2d 567, 568 [2003]; *see also* Domestic Relations Law § 236 [B] [5] [f]). The record makes clear that plaintiff cannot obtain a comparable home with her available resources, and there is no evidence that she will be unable to maintain the marital residence with defendant paying the carrying charges. Further, Supreme Court expressly found defendant's claim that he could not afford to meet the financial obligations imposed by the judgment not to be credible, an assessment to which we defer (*see e.g. Evans v Evans*, 55 AD3d 1079, 1081 [2008]). Nor was the marital residence, which the parties agreed was worth $350,000, their principal asset. They owned other, unencumbered real property with an agreed-upon value of $570,000 that Supreme Court ordered to be sold and the net proceeds divided equally between them. Thus, defendant was not in immediate need of his share of the proceeds from the sale of the home.

Next, defendant challenges Supreme Court's direction that he

pay off the mortgage, the home equity loan and certain credit card debt. The record indicates that the credit card debt accrued only after defendant abandoned the marital residence and left plaintiff unable to pay the normal living expenses of herself and the children. In addition, the record supports Supreme Court's findings that defendant's income was at least four times greater than plaintiff's, he resided rent free with his paramour despite testifying that he was paying rent to live elsewhere and he was leasing a luxury automobile for over $700 per month. Given the wide disparity between the parties' incomes, defendant's sole ownership of his own business as a general contractor and his probable future financial prospects and circumstances compared to those of plaintiff, together with the fact that plaintiff receives no maintenance, we must agree with Supreme Court's finding that defendant is possessed of sufficient income, earning capacity and assets to meet the obligations imposed. Accordingly, we find no abuse of discretion in the Court's distribution of debt (see Domestic Relations Law § 236 [B] [5] [d]; Lewis v Lewis, 6 AD3d 837, 839-840 [2004]).

We do, however, agree with defendant that the annual, fixed carrying charges he is required to pay for the home where the children reside should have been subtracted from the parties' gross annual income before computing his share of child support (see Coon v Coon, 29 AD3d 1106, 1111 [2006]; O'Connor v O'Connor, 241 AD2d 648, 649 [1997]; Posson v Posson, 229 AD2d 690, 692-693 [1996]; Ciaffone v Ciaffone, 228 AD2d 949, 952 [1996]). Also, the obligation to pay for all reasonable maintenance and repairs of the home should not be open ended (see Richards v Richards, 207 AD2d 628, 629 [1994]; Chrisaidos v Chrisaidos, 170 AD2d 428, 429 [1991]; Weinstein v Weinstein, 125 AD2d 301, 303 [1986]). Rather, the direction to pay for repairs and other maintenance should state a maximum monthly or yearly amount. Inasmuch as the record does not permit us to make these calculations or to set these amounts, we will remit these issues to Supreme Court to recalculate child support or articulate its reasons for deviating from the formula, and to fix a monetary limitation on the obligation to pay for maintenance and repairs.

Finally, the $1 million life insurance policy securing defendant's child support obligation far exceeds his total support obligation. Thus, a policy with a smaller face value is called for here and this issue will also be remitted to Supreme Court for further proceedings. In addition, the necessary insurance should be obtained through a declining term policy reflecting defendant's decreasing obligation as the children each reach 21 years

of age (*see Mairs v Mairs*, 61 AD3d 1204, 1211 [2009]; *Quinn v Quinn*, 61 AD3d 1067, 1073 [2009]; *Bean v Bean*, 53 AD3d 718, 725 [2008]; *Matter of Anonymous v Anonymous*, 31 AD3d 955, 957 [2006]; *Somerville v Somerville*, 26 AD3d 647, 649-650 [2006], *lv dismissed and denied* 7 NY3d 859 [2006]).

Mercure, J.P., Spain, Lahtinen and Stein, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as required defendant to pay all costs of maintenance and repairs of the former marital residence, fixed defendant's child support obligation and required him to maintain life insurance in the amount of $1 million; matter remitted to the Supreme Court for determinations as to defendant's maximum obligation for repairs and maintenance, the amount of child support and the amount of a declining life insurance policy; and, as so modified, affirmed.