■ STELLA KAROUNOS, Respondent, v GEORGE KAROUNOS, Appellant. [614 NYS2d 535] —In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (Hyman, J.H.O.), entered August 3, 1992, which, *inter alia,* (1) in effect, awarded the wife a 50% interest in the appreciation of the value of the parties' first house, (2) awarded the wife $150 per week as maintenance for a period of three years, (3) awarded the wife an unlimited right of exclusive occupancy of her portion of the former marital residence, (4) directed the husband to pay all of the carrying charges on the former marital residence, (5) directed the husband to pay for the educational tuition and expenses of the infant child, Michael Karounos, at the New York Military Academy or another educational institution, and (6) awarded the wife the sum of $9,495.50 in counsel fees.

Ordered that the judgment is modified, by (1) deleting that portion of the fifth decretal paragraph thereof directing the husband to pay the educational tuition and expenses of the infant child, Michael Karounos, at the New York Military

Academy or another educational institution, (2) deleting the seventh decretal paragraph thereof and substituting therefor the following: "The husband shall pay the following carrying charges on the residence until the youngest son completes college (if he attends college) or is emancipated, or until the husband moves out of the former marital residence, whichever occurs later: $2,224 for real estate taxes, $850 for water and sewer charges, $520 for insurance, $2,500 for gas, heat and electricity, and $290 for normal repairs, for a total of $6,384 annually", (3) deleting that portion of the tenth decretal paragraph which awarded the wife "1/2 of the net principal and interest remaining on deposit", and substituting therefor a provision awarding the wife "15% of the net principal and interest remaining on deposit", and (4) adding to the end of the ninth decretal paragraph the following: "however, when and if the former marital residence is sold, the net proceeds therefrom are to be divided between the parties, fifty (50%) percent to the wife, and fifty (50%) per cent to the husband, after a credit in favor of the defendant husband in the sum of $15,300 is deducted from the net proceeds"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties to this action were married on November 9, 1969, and have three children. The wife commenced this action for divorce in August 1988 on the basis of cruel and inhuman treatment. The husband counterclaimed for a divorce on the same ground.

During the trial, the parties entered into a stipulation pursuant to which the wife would have custody of the couple's children, the husband would have visitation rights, and the wife would be granted the divorce.

In its judgment, the court ordered the husband to pay the wife $150 per week for maintenance for three years and to maintain the wife's medical insurance. The court directed the husband to pay the educational tuition and expenses of the infant son, Michael, at the New York Military Academy and if Michael discontinued his education there and resided with the wife, directed the husband to pay the wife $50 per week for Michael's support until Michael is 21 years old or sooner emancipated. The court directed that the wife have exclusive occupancy and use of the first floor of the marital residence and the husband have exclusive occupancy and use of his apartment located on the second floor of the marital residence. The court directed that the husband continue to receive the sum of $1,084 per month on account of a purchase money

mortgage the husband received from the sale of his first house, at 49-04 Skillman Avenue, that he deposit these funds into his Manufacturers Hanover Trust Money Management account, from which he shall pay the carrying charges on the marital residence, and the balance of these funds shall then be divided equally between the wife and the husband. The court directed, with reference to the marital property, that the parties were equal owners of the marital residence, a garage, and the Manufacturers Hanover Trust Money Management account (balance of $80,941.92), and that the wife was to receive 40% of the husband's Greenpoint Savings Bank account (balance of $72,068.87). The court also awarded the wife attorney's fees in the sum of $9,495.50.

Considering all of the facts in this case, the trial court's award to the wife of 50% of most of the marital assets and 40% of the Greenpoint Savings Bank account did not constitute an improvident exercise of discretion. The parties were married for 19 years. At the beginning of the marriage, the wife worked as a hairdresser in the husband's beauty shop. The wife then gave up her career as a hairdresser to raise the parties' three sons and to provide homemaker services. In reaching its determination, the trial court obviously considered the husband's poor health, as noted in the court's memorandum decision. Accordingly, we find no reason to disturb this determination (see, Bisca v Bisca, 108 AD2d 773, 774-775).

The Supreme Court properly concluded that the wife was entitled to maintenance of $150 per week for three years. The wife has been a mother and homemaker for most of the parties' 19-year marriage. Accordingly, the maintenance is proper to permit the wife time to become self-supporting (see, Domestic Relations Law § 236 [B] [6] [a] [4]).

The judgment allocated to the wife 50% of the appreciation of the value of the house located at 49-04 Skillman Avenue. On appeal, the husband contends that this house was his separate property and therefore, the wife is not entitled to share in the appreciation of the value of this house. The husband purchased this house for $26,000 in 1963, 6 years before the marriage. Upon their marriage, the wife moved into this house. In the house, the husband had a beauty shop, where the wife worked as a hairdresser for the first year of the marriage, contributing her earnings to the household. The parties lived in the house for at least three years before they moved to the most recent marital residence. In 1983, the husband sold the house for $120,000, and gave an $81,000 purchase money mortgage to the buyer. The husband used

$18,000 from these proceeds to satisfy the outstanding balance on the mortgage he had on the marital residence. The husband testified that he used part of the proceeds to renovate the bathroom in the most recent marital residence and placed the remaining proceeds in his Manufacturers Hanover Trust account.

It is now well settled that "where separate property of one spouse has appreciated during the marriage and before execution of a separation agreement or commencement of a matrimonial proceeding and where such appreciation was 'due in part' to the contributions or efforts of the nontitled spouse as parent and homemaker, the amount of that appreciation should be added to the sum of marital property for equitable distribution" (*Price v Price,* 69 NY2d 8, 17; *see also, Feldman v Feldman,* 194 AD2d 207, 217). At bar, the record sufficiently demonstrates that the wife's monetary and nonmonetary contributions to the marriage and household justified awarding her a portion of the appreciation value (*see, Robinson v Robinson,* 166 AD2d 428, 429-430). However, since the wife only demonstrated that she contributed to the value of the house during the first three years of her marriage, her share in the appreciation of the value of the house should be limited to 15%, i.e., 3 years out of the 20 years that the husband owned the house. Additionally, the husband should be credited for $15,300 ($18,000 that he used from the proceeds of this sale to satisfy the mortgage on the marital residence less 15% [i.e., $2,700] representing the wife's share of the $18,000) (*see, Lobotsky v Lobotsky,* 122 AD2d 253, 254; *Monks v Monks,* 134 AD2d 334, 336).

The husband also contends that the court erred in finding that his Manufacturers Hanover Trust account was marital property because he claimed that the balance in that account represented the proceeds from the sale of the house. This contention is without merit, because the husband clearly comingled the proceeds from the sale of the house with the marital funds that he put into this account (*see, Di Nardo v Di Nardo,* 144 AD2d 906, 907; *Feldman v Feldman,* 194 AD2d 207, 215-216, *supra).* This is demonstrated by the fact that the balance in this account fluctuated from approximately $20,000 in March 1987 to approximately $49,000 in July 1987, to approximately $70,000 in June 1991.

The memorandum decision noted that the husband has been paying the carrying charges on the marital residence, i.e., $2,224 for taxes, $850 for water and sewer rents, $520 for insurance, $2,500 for gas, heat and electricity and $290 for

normal repairs, for a total of $6,384 annually. In the judgment, the court simply stated that the husband shall pay for all of the carrying charges on the house but did not specify the amounts. While under certain circumstances open-ended obligations are permitted *(see, Matter of Cassano v Cassano, 203 AD2d 563)*, it is improper for a judgment of divorce to contain open-ended obligations with respect to carrying charges *(see,* 22 NYCRR 202.50 [b] [22 NYCRR subtit D, ch III, subch B]; *Belcastro v Belcastro,* 104 AD2d 625; *Adams v Adams,* 129 AD2d 661, 663), and the judgment must be amended to state the specific amounts detailed in the memorandum decision. Additionally, the judgment should be amended so that instead of requiring the husband to pay the carrying charges on the house without any time limit, the husband should only be required to pay the specific carrying charges on the marital residence until the youngest son completes college (if he attends college), or is sooner emancipated, or until the husband moves out of the marital residence, whichever occurs later.

The court improperly ordered the husband to pay for the infant son's tuition and expenses at the New York Military Academy under the circumstances of this case *(see, Matter of Cassano v Cassano,* 203 AD2d 563, *supra; Baiamonte v Baiamonte,* 67 AD2d 992; *Cwiklinski v Cwiklinski,* 115 AD2d 951).

We find that the court did not improvidently exercise its discretion in awarding counsel fees to the wife *(see,* Domestic Relations Law § 237).

We have examined the husband's remaining contentions and find them to be without merit. Rosenblatt, J. P., Lawrence, Copertino and Joy, JJ., concur.