■ WILLIAM E. WALSH, Appellant, v SUSAN P. WALSH, Respondent. [641 NYS2d 704] —In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Loewy, J.H.O.), entered May 3, 1994, which, *inter alia,* (1) directed the sale of the marital residence and allowed the wife a period of at least 90 days after the contract of sale becomes binding to vacate the marital residence, (2) awarded the wife nondurational maintenance in the sum of $200 per week until the marital residence is sold and $375 per week thereafter, (3) directed the husband to pay all the carrying charges on the marital residence until it is sold, and (4) awarded the wife counsel fees of $5,000.

Ordered that the judgment is modified by (1) deleting therefrom the provision of the second decretal paragraph allowing the wife a period of at least 90 days after the contract of sale becomes binding to vacate the marital residence and substituting therefor a provision allowing the wife 45 days to vacate the marital residence and (2) deleting the provision of the seventh decretal paragraph directing the husband "to pay the mortgage, electric, gas bill, and water charges on the marital residence until the marital residence is sold" and substituting therefor the following: "The plaintiff shall pay the following monthly carrying charges on the marital residence until the marital residence is sold: $900 for the mortgage and taxes, $148 for gas and electricity and $23.50 for water"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married on December 15, 1973, and have no children. The husband commenced this action for divorce in February of 1988 on the basis of cruel and inhuman treatment. Following a lengthy trial, the court granted the husband a divorce, awarded nondurational maintenance and counsel fees to the wife, and equitably distributed the parties' marital property.

With respect to the award of maintenance to the wife, the court's failure to impose a durational limit was not an improvident exercise of discretion under the circumstances of this case. The record supports a finding that the wife's mental health is impaired and that she would not be able to be self-supporting in the foreseeable future (*see, Shad v Shad,* 213 AD2d 622; *Sivigny v Sivigny,* 213 AD2d 243; *Harmon v Harmon,* 173 AD2d 98; *Jones v Jones,* 133 AD2d 217).

We discern no basis to disturb the court's award of counsel fees to the wife in the amount of $5,000 (*see,* Domestic Relations Law § 237 [a]; *Gulotta v Gulotta,* 215 AD2d 724).

However, the judgment is modified in the following two respects. The judgment improperly directs the husband to pay all the carrying charges on the marital residence until the time of its sale without specifying the amount of each charge (*see, Karounos v Karounos,* 206 AD2d 407). Accordingly, the judgment is modified to reflect the specific amount of each carrying charge as listed in the Supreme Court's memorandum decision *(see, Karounos v Karounos, supra).* Moreover, the judgment allows the wife 90 days after a contract for the sale of the marital residence becomes binding to vacate the residence. The judgment is modified, on the consent of the parties, to allow the wife only 45 days to vacate the marital residence.

We have examined the husband's remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.