■ ALEKSANDER TSIGLER, Respondent, v NATALYA KASYMOVA, Appellant. [902 NYS2d 128]—In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief and by a stipulation of the parties dated March 8, 2010, from stated portions of a judgment of the Supreme Court, Kings County (Henderson, Ct. Atty. Ref.), entered January 7, 2009, which, upon a decision of the same court dated April 15, 2008, made after a nonjury trial, inter alia, failed to award her an equitable share of certain real property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Property acquired during the marriage is presumed to be marital property subject to equitable distribution (*see* Domestic

Relations Law § 236 [B] [1] [c]; *Lischynsky v Lischynsky*, 120 AD2d 824, 826 [1986]). The party seeking to overcome this presumption has the "burden of proving that the property in dispute is separate property" (*Farag v Farag*, 4 AD3d 502, 503 [2004]; *see Judson v Judson*, 255 AD2d 656, 657 [1998]). Here, with respect to the subject real property, the plaintiff successfully rebutted the presumption by demonstrating, through testimony and documentary evidence, that his interest therein was purchased solely with funds separate and apart from marital assets, including the proceeds of the sale of his premarital residence (*see Cappiello v Cappiello*, 66 NY2d 107, 109 [1985]; *Rachimi v Rachimi*, 57 AD3d 277, 278 [2008]; *Pelletier v Pelletier*, 242 AD2d 325, 325-326 [1997]; *Lagnena v Lagnena*, 215 AD2d 445, 446 [1995]; *compare Steinberg v Steinberg*, 59 AD3d 702, 703-704 [2009]; *Farag v Farag*, 4 AD3d at 503). The defendant's contentions rest largely upon the Supreme Court's assessment of the plaintiff's credibility at trial. As the Supreme Court's determination with respect to issues of credibility is entitled to great weight on appeal (*see Schwartz v Schwartz*, 67 AD3d 989 [2009]), and in consideration of the evidence in the record, we perceive no reason to disturb the Supreme Court's findings (*see Carniol v Carniol*, 306 AD2d 366, 367-368 [2003]).

The defendant's remaining contentions are without merit. Dillon, J.P., Miller, Dickerson and Chambers, JJ., concur.