■ Dawn J. Wesche, Respondent, v Edward Wesche, Appellant. [909 NYS2d 764]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Cohen, J.), entered May 13, 2009, as, upon a decision of the same court dated October 24, 2008, and an order of the same court dated February 13, 2009, modifying the decision, made after a nonjury trial, directed him to pay the plaintiff the sum of $1,000 per month in

maintenance from the date of the commencement of the action until November 1, 2010, and thereafter pay the plaintiff the sums of $750 per month until November 1, 2012, and $500 per month until November 1, 2013, directed the plaintiff to pay him the sum of only $188.91 per week in child support, directed him to pay the plaintiff the sum of $395,000 as her share in his funeral home business, directed him to pay 90% of the fee for a forensic accountant, and directed him to pay $35,000 as a fee for the plaintiff's attorney.

Ordered that the judgment is modified, on the law, by adding thereto a provision terminating the defendant's maintenance obligations upon the death of either party or the plaintiff's remarriage; as so modified, the judgment is affirmed insofar as appealed from, with costs.

The plaintiff, Dawn J. Wesche, and the defendant, Edward Wesche, were married on December 29, 1984. In 1989, the defendant went into business with a partner to buy a funeral home in Suffolk County. The plaintiff operated a separate business which provided headstones, and she ran a small karaoke business. The plaintiff commenced this action for divorce in March 2004. The parties had two unemancipated children at the time the action was commenced.

Before the trial, the parties stipulated that the total value of the defendant's interest in the funeral home business was $760,000. At trial, the plaintiff testified that the defendant had attempted to conceal his income when his ex-wife had moved for an increase in child support for his son from his previous marriage. A forensic accountant testified that the defendant admitted that he received approximately $25,000 in unreported annual income.

In its decision after trial dated October 24, 2008, the Supreme Court imputed an additional $5,000 per year as income to the defendant for personal car expenses paid for by the funeral home. The Supreme Court further imputed the additional sums of $18,000 as annual income to the defendant based upon cash received from the funeral home and used for personal expenses and $19,500 for undistributed earnings of the funeral home. Regarding maintenance, the Supreme Court directed the defendant to pay the plaintiff, beginning on November 1, 2008, the sums of $1,000 per month for the first two years, $750 per month for the next two years, and $500 per month until November 1, 2013. The plaintiff moved to modify the decision so that the maintenance award would be retroactive to the date of her initial application therefor. In an order dated February 13, 2009, the Supreme Court granted the plaintiff's motion.

In a judgment entered May 13, 2009, the Supreme Court directed the defendant to pay the plaintiff the sums of $1,000 per month in maintenance from the date of the commencement of the action until November 1, 2010, $750 per month until November 1, 2012, and $500 per month until November 1, 2013. The plaintiff was directed to pay child support in the sum of $188.91 per week. The Supreme Court directed that the defendant pay 90% of the fee for the forensic accountant, and awarded the plaintiff $35,000 as an attorney's fee payable by the defendant. The defendant appeals.

The defendant argues on appeal that the Supreme Court should have included a provision in the judgment stating that his maintenance obligation would terminate upon the death of either party or the plaintiff's remarriage (*see generally Skladanek v Skladanek*, 60 AD3d 1035, 1037 [2009]). Inasmuch as the plaintiff agrees with the defendant, and consents to such a modification of the judgment, we modify the judgment accordingly.

A court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings (*see Brown v Brown*, 239 AD2d 535 [1997]). The court may impute income to a party based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives (*see Matter of Collins v Collins*, 241 AD2d 725, 727 [1997]). Where a party's account is not believable, the court may impute a true or potential income higher than alleged (*see Lilikakis v Lilikakis*, 308 AD2d 435, 436 [2003]). Here, the Supreme Court providently exercised its discretion in imputing income to the defendant based on, among other things, the evidence of his attempts to conceal his true income.

With respect to the maintenance award, the defendant argues that the Supreme Court erred in changing the start date and duration of maintenance payments between the time it issued the decision and the time it issued the judgment. However, the Supreme Court modified its decision by issuing an order granting the plaintiff's motion to make the maintenance payments retroactive; thus, the judgment conformed to the decision (*cf. Scheuering v Scheuering*, 27 AD3d 446, 447 [2006]).

The defendant's argument that the Supreme Court failed to account for the consequences of embedded capital gains taxes in determining the value of the defendant's interest in the funeral home business for equitable distribution purposes is without merit, as the defendant had already entered into a stipulation

with the plaintiff establishing the value of that business (*see generally Mitchell v New York Hosp.*, 61 NY2d 208, 214 [1984]).

A court must consider the equities and circumstances of each particular case and the parties' respective financial positions in determining a counsel fee application (*Palumbo v Palumbo*, 10 AD3d 680, 682 [2004]). Here, the Supreme Court providently exercised its discretion in awarding a counsel fee to the plaintiff. Moreover, the Supreme Court providently exercised its discretion in directing the defendant to pay 90% of the forensic accountant's fee (*see Cash-Scher v Scher*, 299 AD2d 193, 193-194 [2002]).

The defendant's remaining contentions are without merit. Covello, J.P., Santucci, Balkin and Austin, JJ., concur.