■ PAULA M. MOSSO, Respondent, v JOHN MOSSO, Appellant.
[924 NYS2d 394]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Tolbert, J.), dated February 22, 2010, as, upon a decision of same court dated June 26, 2009, made after an nonjury trial, (1) imputed an annual income to him in the sum of $52,000 for the purpose of calculating his child support obligations, (2) directed him to pay the sum of $1,160 per month in child support retroactive to the date of the commencement of the action, (3) directed him to pay one half of the mortgage and real estate tax charges of the marital residence and half the cost of any repair to the home in excess of $750, (4) directed him to pay 100% of a $30,000 home equity loan on the marital residence, (5) awarded the plaintiff the sum of $13,777 from certain bank accounts, and (6) awarded the plaintiff exclusive use and occupancy of the marital residence until the last of the parties' children reaches majority.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by (1) deleting so much of the second decretal paragraph thereof as directed the defendant to pay the sum of $1,160 per month in child support, (2) deleting from the second decretal paragraph the words "retroactive to August 1, 2007," (3) deleting so much of the fifth decretal paragraph as directed the defendant to pay one-half of the mortgage and real estate tax charges of the marital residence and half the cost of any repair to the home in excess of $750, and (4) deleting so much of the sixth decretal paragraph as directed that the defendant shall be 100% responsible for repaying a $30,000 home equity loan; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith, and for entry of an amended judgment thereafter; and it is further,

Ordered that in the interim, the defendant shall continue to pay the sum of $1,160 per month in child support.

A court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings (see Wesche v Wesche, 77 AD3d 921, 923 [2010]; Brown v Brown, 239 AD2d 535 [1997]). The court may impute income to a party

based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives (*see Wesche v Wesche*, 77 AD3d at 923; *Matter of Collins v Collins*, 241 AD2d 725, 727 [1997]). Where a party's account is not believable, the court may impute a true or potential income higher than alleged (*see Wesche v Wesche*, 77 AD3d at 923; *Lilikakis v Lilikakis*, 308 AD2d 435, 436 [2003]). Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in it imputing an annual income to the defendant in the sum of $52,000 for the purpose of calculating his child support obligations.

However, in calculating the child support award, the Supreme Court's direction that the defendant pay both child support and half of the carrying charges on the marital residence resulted in an improper double shelter allowance (*see Cohen v Cohen*, 286 AD2d 698, 698-699 [2001]; *Krantz v Krantz*, 175 AD2d 863, 864 [1991]; *see also Lenigan v Lenigan*, 159 AD2d 108, 112 [1990]). Accordingly, the matter must be remitted to the Supreme Court, Westchester County, to recalculate the child support award "taking into account the shelter costs incurred by the defendant in providing housing to the plaintiff and the minor children" (*Damon v Damon*, 34 AD3d 416, 416 [2006]).

The Supreme Court also improperly awarded retroactive child support to August 1, 2007, the date of the commencement of the action, since the plaintiff did not request child support until she filed an amended complaint on August 27, 2007 (*see Higgins v Higgins*, 50 AD3d 852, 854 [2008]; *cf. Beach v Beach*, 158 AD2d 848 [1990]). Accordingly, since an award of child support may be made "effective as of the date of the application therefor" (Domestic Relations Law § 236 [B] [7] [a]), on remittal, the Supreme Court's new child support award should be made retroactive to August 27, 2007. The defendant's contention that the plaintiff is not entitled to any retroactive child support because she later withdrew her amended complaint is without merit. The record establishes that the amended complaint was withdrawn solely to relinquish a cause of action for divorce on the ground of cruel and inhuman treatment, and that the plaintiff's request for child support was intended to remain a part of the action.

Further, the matter must be remitted to the Supreme Court, Westchester County, because the Supreme Court's directive that the defendant pay "one-half of the mortgage and real estate charges of the marital residence and half of the cost of any repair to the home in excess of $750.00" constitutes an improper open-ended obligation (*see* 22 NYCRR subtit D, ch III, subch B,

Appendix B; *Chrisaidos v Chrisaidos*, 170 AD2d 428, 429 [1991]; *see also Polychronopoulos v Polychronopoulos*, 226 AD2d 354, 356 [1996]; *Karounos v Karounos*, 206 AD2d 407, 411 [1994]). "[T]he direction to pay for repairs and other maintenance should state a maximum monthly or yearly amount" (*Sember v Sember*, 72 AD3d 1150, 1152 [2010]).

The Supreme Court also improvidently exercised its discretion in directing that the defendant be 100% responsible for repayment of a $30,000 loan drawn on a home equity line of credit. "[E]xpenses incurred prior to the commencement of a divorce action constitute marital debt and should be equally shared by the parties" (*Bogdan v Bogdan*, 260 AD2d 521, 522 [1999]; *see Rodriguez v Rodriguez*, 70 AD3d 799, 802 [2010]). Although the defendant should be solely responsible for repaying $10,000 of this loan, which he used to pay his attorney's fees, the burden of repaying the remaining $20,000 should be shared by the parties since this debt was incurred during the marriage and the evidence at trial failed to establish a compelling reason why the defendant should bear the cost of repayment alone. Accordingly, on remittal, the Supreme Court should enter an amended judgment so providing.

The Supreme Court did not err in granting the plaintiff and the parties' children the exclusive use and occupancy of the marital residence until the youngest child reaches the age of 18. "[E]xclusive possession of the marital residence is usually granted to the spouse who has custody of the minor children of the marriage" (*Goldblum v Goldblum*, 301 AD2d 567, 568 [2003]; *see Poretsky v Poretsky*, 176 AD2d 713, 714 [1991]). In making this determination, "the need of the custodial parent to occupy the marital residence is weighed against the financial need of the parties" (*Goldblum v Goldblum*, 301 AD2d at 568). Here, the evidence at trial established that the parties were capable of maintaining the marital residence and that suitable comparable housing could not be obtained at a lesser cost than the cost to maintain the marital residence (*see Poretsky v Poretsky*, 176 AD2d at 714-715). Further, the defendant failed to establish an immediate need for his share of the proceeds of the sale of the marital residence (*id.*).

The defendant failed to meet his burden of establishing that certain assets in a bank account, acquired during the marriage, were not marital property subject to equitable distribution (*see Tsigler v Kasymova*, 73 AD3d 1159 [2010]; *Farag v Farag*, 4 AD3d 502, 503 [2004]). Accordingly, the Supreme Court properly provided for the equitable distribution of those funds.

The parties' remaining contentions are either academic or without merit. Rivera, J.P., Dillon, Hall and Roman, JJ., concur.