■ ABRAHAM D. GREISMAN, Appellant, v STERNA GREISMAN, Respondent. [951 NYS2d 219]—

In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Kings County (Sunshine, J.), dated January 15, 2010, which, upon, inter alia, a decision of the same court dated June 29, 2009, made after a nonjury trial, among other things, (a) awarded the defendant wife exclusive occupancy of the marital residence until the parties' youngest child reaches the age of 18 or is otherwise emancipated, (b) imputed to him an annual income of $93,570, (c) awarded the defendant the sum of $10,665.60 representing one-third of the value of the plaintiff's enhanced earning capacity derived from his certification as a certified public accountant, (d) awarded the defendant the sum of $31,663.50 representing one-third of the value of plaintiff's accounting practice, and (e) awarded the defendant the sum of $204,701.01 representing one-third of the value of the plaintiff's interest in an investment property located on Carroll Street in Brooklyn.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff husband's contentions, the Supreme Court did not improvidently exercise its discretion in awarding the defendant wife exclusive occupancy of the marital residence until the parties' youngest child reaches the age of 18 or is otherwise emancipated. " '[E]xclusive possession of the marital residence is usually granted to the spouse who has custody of the minor children of the marriage' " (*Mosso v Mosso*, 84 AD3d 757, 760 [2011], quoting *Goldblum v Goldblum*, 301 AD2d 567, 568 [2003]; *see Waldmann v Waldmann*, 231 AD2d 710, 711 [1996]; *Hillmann v Hillmann*, 109 AD2d 777, 778 [1985]). In making such a determination, "the need of the custodial parent to occupy the marital residence is weighed against the financial need of the parties" (*Goldblum v Goldblum*, 301 AD2d at 568). Here, the evidence at trial established that the parties were capable of maintaining the marital residence, and the plaintiff failed to establish an immediate need for his portion of the proceeds of the sale of the marital residence and failed to demonstrate that suitable comparable housing could be obtained at a cost less than that necessary to maintain the marital residence (*see Mosso v Mosso*, 84 AD3d at 760; *Mazzone v Mazzone*, 290 AD2d 495, 496 [2002]; *Waldmann v Waldmann*, 231 AD2d at 711; *Poretsky v Poretsky*, 176 AD2d 713, 714-715 [1991]). In addition, as the Supreme Court properly noted, it would be inappropriate to allow the plaintiff to utilize his failure to make court-ordered child support payments as a way to force the sale of the marital residence.

The plaintiff's contention that the Supreme Court improperly imputed to him an annual income of $93,570 is without merit. "A court need not rely upon a party's own account of his [or her] finances, but may impute income based upon the party's past income or demonstrated future potential earnings" (*Steinberg v Steinberg*, 59 AD3d 702, 705 [2009]; *see Duffy v Duffy*, 84 AD3d 1151, 1152 [2011]; *Wesche v Wesche*, 77 AD3d 921, 923 [2010]; *Brown v Brown*, 239 AD2d 535 [1997]). "Where a party's account is not believable, the court may impute a true or potential income higher than alleged" (*Wesche v Wesche*, 77 AD3d at 923, citing *Lilikakis v Lilikakis*, 308 AD2d 435 [2003]; *see Duffy v Duffy*, 84 AD3d at 1152). Here, the Supreme Court providently exercised its discretion in imputing income to the plaintiff based on, among other things, the parties' tax return filed just prior to the commencement of this action and evidence of the plaintiff's attempts to conceal his true income.

The plaintiff's contention that the Supreme Court engaged in

double counting with respect to the maintenance award is without merit because the award was not based upon his excess income (*see Keane v Keane*, 8 NY3d 115, 119 [2006]; *Weintraub v Weintraub*, 79 AD3d 856, 857 [2010]; *Kerrigan v Kerrigan*, 71 AD3d 737, 738 [2010]; *Groesbeck v Groesbeck*, 51 AD3d 722, 723 [2008]; *Griggs v Griggs*, 44 AD3d 710, 713 [2007]). Insofar as the plaintiff's certification as a certified public accountant is concerned, although a portion of the value of that certification was distributed as a marital asset, the Supreme Court made an appropriate corresponding adjustment when determining the maintenance award (*see Grunfeld v Grunfeld*, 94 NY2d 696, 706 [2000]).

Moreover, in determining the value of the plaintiff's business and his certification, the Supreme Court properly relied on the report prepared by the neutral appraiser. "There is no uniform rule for fixing the value of a going business and the valuation of a business for equitable distribution purposes is an exercise properly with the fact-finding power of the trial court, guided by expert testimony" (*Bricker v Bricker*, 69 AD3d 546, 547 [2010]; *see Burns v Burns*, 84 NY2d 369, 375 [1994]; *Wasserman v Wasserman*, 66 AD3d 880, 882 [2009]). Here, the opinion of the neutral expert was not challenged, and the Supreme Court's conclusion as to the value of the business is supported by the record. With regard to the certification, the neutral expert properly calculated the value of the plaintiff's enhanced earning capacity by comparing the expected earnings of a similarly situated individual with the plaintiff's actual normalized earnings as a certified public accountant and applying a present value discount (*see Duspiva v Duspiva*, 181 AD2d 810, 810-811 [1992]; *McGowan v McGowan*, 142 AD2d 355, 359 [1988]).

Similarly, the Supreme Court did not improvidently exercise its discretion in determining the value of the investment property located on Carroll Street in Brooklyn. The valuation rested on the credibility of the defendant's expert witness and his appraisal techniques, and was supported by the record (*see Sieger v Sieger*, 51 AD3d 1004, 1004 [2008]; *Madonna v Madonna*, 265 AD2d 455, 455 [1999]). Furthermore, contrary to the plaintiff's contention, he failed to meet his burden of establishing that his 50% ownership interest in that property, which was acquired during the marriage, was not marital property subject to equitable distribution (*see Mosso v Mosso*, 84 AD3d at 760; *Tsigler v Kasymova*, 73 AD3d 1159, 1159 [2010]; *Lischynsky v Lischynsky*, 120 AD2d 824, 826 [1986]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Belen, Lott and Miller, JJ., concur.