LISA DISANTO-GROSSMAN, Respondent, v MARK J. GROSSMAN, Appellant. [39 NYS3d 478]—

Appeals by the defendant from (1) an order of the Supreme Court, Suffolk County (William J. Kent, J.), dated June 17, 2013, and (2) a judgment of the same court entered August 12, 2013. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to direct the defendant to pay her the sum of $16,470.16, representing the amount of money he improperly withdrew from the parties' home equity line of credit. The judgment, upon the order, is in favor of the plaintiff and against the defendant in the principal sum of $16,470.16.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On or about July 27, 2010, the plaintiff commenced this action for a divorce and ancillary relief. Pursuant to a pendente lite order dated July 8, 2011, the defendant was obligated to pay various carrying charges on the former marital residence, including the mortgage principal and interest, as well as the monthly payments due on the home equity line of credit (hereinafter HELOC). Without the plaintiff's knowledge, in or about November 2012, and continuing each month thereafter, the defendant began to withdraw funds from the HELOC and used those funds to pay the monthly mortgage payment and the monthly payment due on the HELOC.

On or about March 20, 2013, the parties entered into a stipulation of settlement in open court resolving the issues in the divorce action. The stipulation provided that the defendant was relinquishing all rights and title to the former marital residence. He represented that the mortgage and HELOC were paid up to date as of March 20, 2013, and agreed to pay those expenses through April 2013. The parties further agreed that, thereafter, the plaintiff would be responsible for paying those expenses. The plaintiff subsequently learned that the defendant had withdrawn funds from the HELOC during the pendency of the action. She then moved by order to show cause, inter alia, to direct the defendant to pay back the sum of money he had withdrawn from the HELOC, which was $16,470.16. By order dated June 17, 2013, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was to direct the defendant to pay her the sum of $16,470.16. On August 12, 2013, a judgment in that amount was entered in favor of the plaintiff and against the defendant.

Contrary to the defendant's contention, the Supreme Court did not err in directing him to pay the plaintiff the sum of $16,470.16, representing the amount of money he improperly withdrew from the HELOC. The defendant did not dispute that he withdrew the amounts in question after the commencement of the divorce action, and he used the funds to satisfy his obligations under the July 8, 2011, pendente lite order. Accordingly, he was solely responsible for those funds and the court

properly directed him to reimburse the plaintiff (*see Mosso v Mosso*, 84 AD3d 757, 760 [2011]). Balkin, J.P., Dickerson, Cohen and Brathwaite Nelson, JJ., concur.