Burke v Burke (2019 NY Slip Op 06060)





Burke v Burke


2019 NY Slip Op 06060


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-06254
 (Index No. 1345/14)

[*1]Dawn Burke, respondent, 
v
Eugene Burke, appellant.


Martin & Colin, P.C., White Plains, NY (William Martin of counsel), for appellant.
The Kitson Law Firm, PLLC, White Plains, NY (Ellen Werfel Martineau of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of the Supreme Court, Westchester County (Victor G. Grossman, J.), dated May 12, 2016. The judgment, insofar as appealed from, upon a decision of the same court dated March 25, 2016, made after a nonjury trial, awarded the plaintiff (1) 50% of the defendant's total pension, (2) a 50% share in the defendant's total interest in the Sergeants Benevolent Association Annuity Fund, (3) a 50% interest in the defendant's total Deferred Compensation Plan, (4) a 50% interest in the defendant's total benefits from the Police Superior Officers' Variable Supplement Fund, (5) exclusive use and occupancy of the marital residence until such time as the residence is sold, with the defendant to pay the carrying charges until such sale, (6) counsel fees in the sum of $30,000, and (7) child support based on the imputation of an annual income of $80,000 to the defendant.
ORDERED that the judgment of divorce is modified, on the law, by deleting the decretal paragraphs thereof awarding the plaintiff a 50% interest in the defendant's total pension, Sergeants Benevolent Association Annuity Fund, Deferred Compensation Plan, and Police Superior Officers' Variable Supplement Fund benefits; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith, and for the entry of an appropriate amended judgment thereafter.
The parties were married in 1992. They have four children, born between 1992 and 1998. The plaintiff was a homemaker for many years before obtaining employment at a dental office in 2006 or 2007. Between 1984 and 1988, the defendant worked part-time as a school janitor. On or about April 30, 1991, approximately 15 months before the parties married, the defendant became a New York City police officer, and he retired at age 44 in October 2013, with the rank of Sergeant.
The plaintiff commenced this action for a divorce and ancillary relief in February 2014. After a nonjury trial, the Supreme Court rendered a decision, and subsequently issued a judgment of divorce dated May 12, 2016. The defendant appeals from so much of the judgment of divorce as awarded the plaintiff 50% of his total retirement assets and benefits; exclusive use and occupancy of the marital residence pending its sale, with the defendant to pay the carrying charges until such sale; counsel fees in the sum of $30,000; and child support based on the imputation of an annual income of $80,000 to the defendant. We modify the judgment.
Domestic Relations Law § 236(B)(1)(c) defines marital property, in part, as "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action." Section 236(B)(1)(d)(1) defines separate property, in part, as "property acquired before marriage." "[M]arital property consists of a wide range of intangible interests which in other contexts might not be recognized as divisible property at all'" (DeLuca v DeLuca, 97 NY2d 139, 144, quoting DeJesus v DeJesus, 90 NY2d 643, 647). The term marital property should be "construed broadly in order to give effect to the economic partnership' concept of the marriage relationship" (Price v Price, 69 NY2d 8, 15). "[P]ension rights earned during a marriage, prior to a separation agreement or matrimonial action, are properly considered marital property subject to equitable distribution" (Olivo v Olivo, 82 NY2d 202, 207; see Majauskas v Majauskas, 61 NY2d 481, 491-492). Post-divorce benefits are marital property to the extent that they constitute compensation for past services rendered during the marriage (see DeLuca v DeLuca, 97 NY2d at 145-146).
Contrary to the defendant's contention, the inclusion in the plaintiff's distributive award of a portion of certain pension credits the defendant "bought back" for his part-time employment as a school janitor was proper. The purchase of the pension credits, which was realized during the marriage and effected with the use of marital funds, resulted in an enhanced pension benefit, as the defendant acknowledged at trial. Inasmuch as this occurred during the marriage and through the use of marital funds, it constituted marital property subject to equitable distribution (see Whalen v Whalen, 177 Misc 2d 39, 41 [Sup Ct, Rockland County]).
The vast majority of the defendant's retirement assets, which encompassed his pension, his interest in the Sergeants Benevolent Association Annuity Fund, his Deferred Compensation Plan account, and his benefits from the Police Superior Officers' Variable Supplement Fund, constituted marital property (see DeLuca v DeLuca, 97 NY2d at 145-146; Olivo v Olivo, 82 NY2d at 207; Majauskas v Majauskas, 61 NY2d at 491-492). Furthermore, the trial court has broad discretion in making an equitable distribution of marital property and, absent an improvident exercise of that discretion, its determination should not be disturbed (see Michaelessi v Michaelessi, 59 AD3d 688, 689). Here, upon consideration of all of the attendant circumstances, we discern no basis upon which to disturb the Supreme Court's distribution to the plaintiff of a 50% interest in the marital portion of the defendant's retirement assets and benefits.
However, in equitably distributing the defendant's retirement benefits, the Supreme Court should not have included that portion of those benefits attributable to the defendant's employment as a police officer for approximately 15 months before the parties married. Since that period of employment predated the marriage, any value that those 15 months of service may have added to the defendant's various retirement assets constituted his separate property and was not subject to equitable distribution (see Majauskas v Majauskas, 61 NY2d 481). Accordingly, we remit the matter to the Supreme Court, Westchester County, for a recalculation of the plaintiff's distributive award of retirement benefits after subtracting the value attributable to the defendant's 15 months of premarital employment from the marital property subject to distribution.
We agree with the Supreme Court's determination awarding exclusive use and occupancy of the marital residence to the plaintiff, so that she and the parties' children could continue to reside there pending the contemplated sale of the residence and division of the proceeds (see generally Greisman v Greisman, 98 AD3d 1079, 1080). The court did not improvidently exercise its discretion in directing the defendant to continue to pay the carrying charges on the residence until it was sold, since the evidence established that he possessed the financial ability to meet these expenses, and the payments provided an incentive for him to cooperate in facilitating the sale.
The court may impute income to a party based on his or her employment history, future earning capacity, and educational background (see Matter of Rohme v Burns, 92 AD3d 946, 947; Duffy v Duffy, 84 AD3d 1151, 1152), and "[w]here a party's account is not believable, the court may impute a true or potential income higher than alleged" (Wesche v Wesche, 77 AD3d 921, 923). Here, the Supreme Court providently exercised its discretion in imputing to the defendant an annual [*2]income of $80,000, based on, among other things, his share of retirement benefits as well as certain rental income and his earning potential.
The Supreme Court's award of counsel fees to the plaintiff in the amount of $30,000 did not constitute an improvident exercise of discretion under the circumstances presented (see Domestic Relations Law § 237[a]; see e.g. Gulotta v Gulotta, 215 AD2d 724, 726).
The defendant's remaining contentions are without merit.
MASTRO, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court